```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
THOMAS WOLF,

                    Plaintiff,           **MEMORANDUM AND ORDER**

     -against-                           08-cv-3636 (KAM)(RER)
                                         08-cv-4799 (KAM)(RER)
JAMES MILLER MARINE SERVICES, INC.,
et al.,

                    Defendants.     X
-------------------------------------
```

**MATSUMOTO, United States District Judge:**

      Third-party defendants Godzilla Ocean Ltd. and First Marine Service Co. (collectively "Godzilla") have filed objections to Magistrate Judge Reyes's June 8, 2010 Discovery Order, denying Godzilla's motion to preclude the use at trial of various witnesses' "discovery" deposition transcripts. The court has reviewed the Discovery Order and the parties' papers and finds that the Discovery Order is neither clearly erroneous nor contrary to law. The objections are accordingly denied and Magistrate Judge Reyes's June 8, 2010 Discovery Order is affirmed.

## BACKGROUND

      The facts relevant to the present appeal are as follows.[1] On June 4, 2010, the parties began a deposition of Mr. Delfin C. Tejon, Jr. ("Mr. Tejon"), a seaman and Filipino

---

[1] The facts are taken from the docket sheet and from the parties' letter submissions in case 08-cv-3636. (*See* Doc. Nos. 49-52.) Identical documents were filed in related case 08-cv-4799.

national, who was a witness to the accident of the subject litigation. (Doc. No. 49, Ex. 2, Godzilla's 6/7/10 Letter ("6/7/10 Letter") at 1 & Ex. 3, Pl.'s 6/8/10 Letter ("6/8/10 Letter") at 1.) Because Mr. Tejon is currently serving on board a foreign-flagged vessel at sea off the coast of Brazil, his deposition was conducted via telephone, with the help of a Tagalog interpreter. (6/8/10 Letter at 1-2.)

According to Godzilla's counsel, prior to the deposition, he obtained consent from all parties to conduct two separate depositions: 1) a "discovery" deposition; and 2) a "*de bene esse*" deposition.[2] (6/7/10 Letter at 1.) The "*de bene esse*" deposition was intended to preserve Mr. Tejon's testimony in the likely event that Mr. Tejon would be unavailable to testify at trial. (*Id*. at 1-2.) This agreement was made between the parties, without consultation with the court.

The parties and court reporter encountered considerable difficulties understanding Mr. Tejon's deposition testimony, in large part due to the poor telephone connection, as well as cultural and language differences, despite the use of the translator. (6/8/10 Letter at 2.) After spending two and a half hours on Mr. Tejon's "discovery" deposition, Godzilla's counsel indicated his intention to proceed with the "*de bene*

---

[2] A *de bene esse* deposition is one taken "in anticipation of a future need." Black's Law Dictionary 408 (7th ed. 1999), quoted in *Manley v. Ambase Corp.*, 337 F.3d 237, 247 n.7 (2d Cir. 2003).

2

*esse*" deposition. (*Id.*) Because of the difficulties with the "discovery" deposition, before the "*de bene esse*" deposition began, counsel in attendance proposed entering into a stipulation that Mr. Tejon's "discovery" deposition could be used for all purposes at trial pursuant to Federal Rule of Civil Procedure 32(a). (6/7/10 Letter at 2; 6/8/10 Letter at 2.) Godzilla's counsel refused to enter into such a stipulation, and Mr. Tejon's "*de bene esse*" deposition was placed on hold. (6/7/10 Letter at 2.)

On June 7, 2010, Godzilla filed a letter brief, moving to preemptively preclude the introduction of the "discovery" deposition testimony at trial, contending that there is no basis upon which a "discovery" deposition transcript or parts thereof may be ultimately offered as evidence at trial, and asking the court to order that the "*de bene esse*" depositions proceed. (*Id.* at 1-3.) Specifically, Godzilla argued that Mr. Tejon, and the other deposition witnesses who will likely be unavailable to testify live at trial, should first be questioned by all parties in the "discovery" deposition and then, on the same day, be questioned separately by all parties in the "*de bene esse*" deposition, at which time the deponent could be cross-examined and impeached by his or her "discovery" deposition transcript. (*Id.* at 2.) Plaintiff/claimant Thomas Wolf ("plaintiff") submitted a letter brief in opposition, pointing out that

Federal Rule of Civil Procedure 32(a) allows for the admission of deposition testimony, without regard to the type of deposition, as long as certain requirements are met. (6/8/10 Letter at 2.)

On June 8, 2010, after hearing oral argument, Magistrate Judge Reyes issued a Discovery Order, denying Godzilla's motion to preclude the use at trial of various witnesses' "discovery" deposition transcripts. (6/8/10 Minute Entry; 6/8/10 Discovery Order.) The Discovery Order explained that Magistrate Judge Reyes was "disinclined to preclude the use of any evidence at a trial to be conducted by another judge" and that there was no "practical difference between a 'discovery' deposition of a witness who may be unavailable to appear at trial and a '*de bene esse*' deposition," as long as "all parties have the opportunity to question the witness, and to object to questions proffered by the other parties." (6/8/10 Discovery Order.) Magistrate Judge Reyes further ordered that:

> there will be only one deposition transcript produced for each seaman from SPRING HAWK, as well as Mr. Tejon. All parties will have the opportunity to question each witness at the depositions. Godzilla's counsel will be permitted to resume Mr. Tejon's deposition at a mutually agreeable time. Counsel for the other parties may also conduct a brief examination of Mr. Tejon to follow up on any questions raised by Godzilla's counsel.

(*Id.*)

On June 10, 2010, Godzilla objected to the Discovery

Order to the undersigned, arguing that the Discovery Order could result in substantial prejudice should portions of the "discovery" deposition, where the deponents are not confronted with inconsistent answers, be admitted into evidence. (Doc. No. 49, Godzilla's 6/10/10 Letter Appeal ("6/10/10 Letter") at 1-4.) Plaintiff opposed Godzilla's objections on June 11, 2010, arguing that "Magistrate Judge Reyes's Order is clear, practical, and cost effective" and that "Godzilla's 'proposal' adds nothing that is not covered by the Federal Rules of Civil Procedure and Judge Reyes's Order." (Doc. No. 50, Pl.'s 6/11/10 Letter in Opp. ("6/11/10 Letter") at 1.) Defendants/petitioners James Miller Marine Services, Inc. and Miller's Launch Inc. ("defendants") also opposed Godzilla's objections on June 14, 2010, joining in the arguments made by plaintiff and noting that Godzilla's "request will serve nothing but delay discovery, will be time consuming, and is unsupported by precedent." (Doc. No. 51, Defs.' 6/14/10 Letter in Opp. ("6/14/10 Letter") at 1.) Godzilla filed a reply on June 14, 2010, arguing that "following proper trial procedures does not necessarily increase costs or delay proceedings"; instead, "taking discovery and *de bene esse* depositions, especially if they are taken the same day, more likely decreases costs and speeds up the proceedings." (Doc. No. 52, Godzilla's 6/14/10 Reply Letter ("Reply Letter") at 2.)

**DISCUSSION**

I.  **Standard of Review**

A district court may set aside a magistrate's order concerning non-dispositive matters only if the order is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). An order is "clearly erroneous only when the reviewing court[, based] on the entire evidence[,] is left with the definite and firm conviction that a mistake has been committed." *Deveer v. Gov't Employees Ins. Co.*, No. 07-CV-4437, 2008 WL 4443260, *9 (E.D.N.Y. Sept. 26, 2008) (quoting *Weiss v. La Suisse*, 161 F. Supp. 2d 305, 320-21 (S.D.N.Y. 2001) (internal quotation marks omitted)). An order is "contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (internal quotation marks omitted). A magistrate judge's pre-trial rulings involving discovery are generally considered non-dispositive and are reviewed under the "clearly erroneous or contrary to law" standard of review. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *see also Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990) (finding that matters involving pretrial discovery are generally considered "'nondispositive' of the litigation" and thus are subject to the "clearly erroneous or contrary to law standard" on review by a district court).

"Pursuant to this highly deferential standard of

review, magistrates are afforded broad discretion in resolving discovery disputes and reversal is appropriate only if their discretion is abused." *Dunkin' Donuts Franchised Rests., LLC v. 1700 Church Ave.*, No. 07-CV-2446, 2009 WL 799949, at *1 (E.D.N.Y. Mar. 24, 2009) (internal citation and quotation marks omitted). Thus, "'a party seeking to overturn a discovery ruling [by a magistrate judge] generally bears a heavy burden.'" *Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009) (quoting *Com-Tech Assocs. v. Computer Assocs. Int'l, Inc.*, 753 F. Supp. 1078, 1099 (E.D.N.Y. 1990)).

## II. Review of the Discovery Order

There is nothing clearly erroneous or contrary to law about Magistrate Judge Reyes's refusal to preemptively preclude the admission of the yet-to-be-taken "discovery" depositions at trial. Federal Rule of Civil Procedure 32(a) permits all or part of a deposition to be used at a hearing or trial if certain requirements are met, and Rule 32(a)(4)(B) specifically permits a party to use the deposition of a non-party witness "for any purpose" if, *inter alia*, the witness is outside of the United States. Fed. R. Civ. P. 32(a)(4)(B). Contrary to Godzilla's arguments, the Second Circuit has held that Rule 32(a) "draws no distinction between depositions taken for purposes of discovery and those taken for use at trial." *Manley*, 337 F.3d at 247; *United States v. Int'l Bus. Machs. Corp.*, 90 F.R.D. 377, 381

7

(S.D.N.Y. 1981) (rejecting argument is that Rule 32(a) does not provide for admission of "discovery" depositions and stating that Rule 32 does not "evince a distinction as to admissibility at trial between a deposition taken solely for purposes of discovery and one taken for use at trial.") (internal citation and quotation marks omitted). Thus, there is nothing in the Federal Rules of Civil Procedure which compels the exclusion of so-called "discovery" depositions at trial, and the Discovery Order properly left open the possibility that whole or portions of the "discovery" deposition transcripts could be admitted as evidence at trial, should the deponents be unavailable to testify.

Furthermore, the Discovery Order presents a common sense, cost-effective and manageable solution to the logistical difficulties the parties have experienced and will experience taking remote, telephonic depositions. By limiting the parties to one deposition per witness, the Discovery Order prevents the parties, translators, and court reporters from undergoing the unnecessary expense and frustration of taking back-to-back depositions, which will explore essentially identical information.

Moreover, the Discovery Order alleviates any concerns of prejudice. Here, all parties know that Mr. Tejon, and other mutually identified witnesses, will likely be unavailable for

trial *before* the parties take their depositions. In light of the Discovery Order, all of the parties are now (and, the plaintiff states that he was previously) on notice that Mr. Tejon's "discovery" deposition may be admitted at trial, and, can govern their questions and state their objections on the record accordingly. Thus, by explicitly putting the attorneys on notice that they have the opportunity to cross-examine or otherwise draw out inconsistencies and to preserve any necessary objections at the depositions *before* the depositions occur, the Discovery Order addresses Godzilla's concern that a deponent will not be confronted with inconsistent statements during his or her deposition. To the extent that Godzilla or the other parties wish to confront Mr. Tejon with any inconsistencies noted but not explored during his June 4, 2010 "discovery" deposition, the Discovery Order specifically provides for that opportunity when Mr. Tejon's deposition resumes. Thus, the court finds that Magistrate Judge Reyes's fair and common sense Discovery Order is not clearly erroneous or contrary to law. Godzilla's arguments do not convince the court otherwise.

## **CONCLUSION**

For the foregoing reasons, Magistrate Judge Reyes's Discovery Order is affirmed in its entirety and the objections

are denied.

**SO ORDERED.**

Dated   June 21, 2010
        Brooklyn, New York

                                    _____   /s/_____
                                    KIYO A. MATSUMOTO
                                    United States District Judge
                                    Eastern District of New York